■ LUIGI CASELLA, Appellant, v. RALPH B. JAMES, JR. et al., Respondents. LUIGI CASELLA, Appellant, v. WILLIAM WILBUR, Respondent.— These are appeals from orders of the Broome County Court which dismissed in each case a summary proceeding brought by appellant against respondents to evict them, as alleged tenants, for nonpayment of rent. The common question in both appeals is whether the relationship of landlord and tenant was established. While the facts in the two cases differ slightly they are substantially the same and involve the same questions. We will discuss only the first above-entitled appeal. On June 23, 1950 the parties entered into a written agreement which was prepared by appellant, apparently without the aid of an attorney, which reads as follows: "We, the undersigned, agree as follows: to rent a piece of land on the north side of Nolan Road, approximately 140 feet on the road, by paying ten dollars ($10.00) a month commencing the 1st of July, 1950, with option to buy for the price of six hundred ($600.00) besides the interest at 6 per cent from this date and taxes from this date. It is understood that if we fail to pay for 3 months, this agreement would be considered null and void and all money paid and improvements made would be retained by the owner and considered as rent for the use of the place and the owner would take possession of this land without any further notice." Appellant contends that this agreement is unambiguous and is nothing more than a lease with an option to purchase. Respondents contend that the real agreement between the parties is a contract to purchase. The court below has held that it is ambiguous and permitted some oral testimony as to the surrounding circumstances. The agreement might properly be considered to be ambiguous. While the words, "to rent" would indicate a lease and an "option to buy" would be unnecessary if it were a contract of purchase and sale, other language in the agreement is inconsistent with a lease. For instance, if it were a straight lease it would be unnecessary to provide that the agreement be considered null and void for a failure to pay for three months, or that all money paid and improvements made would be retained by the owner and "considered as rent." It appears from the record that appellant advertised some vacant land for sale and thus contacted respondents; that he pointed out the land by frontage upon a highway; fixed a purchase price and accepted a down payment of $100 under an agreement similar to the one quoted above but preceding it. When respondent decided to purchase more land the above agreement was drawn by appellant as superseding the prior one, and the payments made on the prior agreement were credited upon the new agreement. In so doing appellant

deducted from the payments made for taxes and interest, which would not be consistent with a lease. Once the parol evidence is accepted we think the record clearly indicates a land contract of purchase and sale. It also appears that respondents have paid a substantial amount of the purchase price mentioned and have made improvements on the property. We think that the lower court properly found that appellant did not establish the relationship of landlord and tenant, and that therefore a summary proceeding did not lie. Moreover, the order appealed from recites an action pending in the Supreme Court for affirmative relief seeking reformation of the written instrument, and provides that the appellant may reapply for the relief sought if he is successful in the defense of the reformation action. Order in each appeal unanimously affirmed, with $10 costs. Present — Foster, P. J., Bergan, Coon, Halpern and Gibson, JJ.